UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHARLES C. DUPREE, ET AL     CIVIL ACTION NO. 08-cv-1648

VERSUS     JUDGE HICKS

TORIN JACKS, INC., ET AL     MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

**Introduction**

Charles and Shirley Dupree ("Plaintiffs") filed this products liability suit in state court based on allegations that Charles was injured when a weld failed on a shop seat that he purchased for use in his air conditioning and heating business. Plaintiffs named as defendants Torin Jacks, Inc. and AWI Acquisition Company d/b/a Allied International (the alleged manufacturers of the seat) and Burlington Insurance Company (an alleged insurer).

Torin Jacks and Burlington removed the case based on an assertion of diversity jurisdiction. Before the court is the Plaintiffs' Motion to Remand (Doc. 6), which timely raises the argument that the removal is procedurally deficient due to lack of joinder or consent to removal by AWI.

**Relevant Facts**

It is the rule in the Fifth Circuit that in cases involving multiple defendants, the 30-day removal period begins to run as soon as the first defendant is served. Getty Oil v. Insurance Co. of North America, 841 F.2d 1254, 1262-63 (5th Cir.1988). See also Brown v. Demco,

Inc., 792 F.2d 478, 481 (5th Cir.1986); and New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 887 n. 4 (5th Cir.1998). All served defendants must join in the removal, and because the notice of removal must be filed within 30 days of service on the first defendant, all served defendants must join in the removal no later than 30 days from the day on which the first defendant is served. Getty Oil, 841 F.2d at 1254. The facts presented in the record of this case must be reviewed with these rules in mind.

Plaintiffs' counsel testifies by affidavit that he mailed the appropriate service papers to AWI by certified mail, pursuant to Louisiana's long-arm statute. La. R.S. 13:3204. Plaintiffs submit a copy of the service papers and evidence that certified mail was used, but there is no return receipt signed by AWI. Plaintiffs have filed, however, a copy of a postal service confirmation that the item was delivered on October 8, 2008 to Sylmar, California in the 91392 zip code area. The precise street address of delivery is not noted on the confirmation document, but the long-arm service was addressed to AWI at an address in Sylmar, California 91392, and the identification number on the letter and the confirmation document are identical.

Plaintiffs represent that defendant Burlington was served through the Secretary of State on October 9, 2008 and that Torin Jacks was served by long-arm process on October 10, 2008. No party disputes these dates, so they will be accepted as correct.[1]

---

[1] There does not appear to be evidence of service on those two defendants in the federal record. Burlington and Torin Jacks stated in their notice of removal that copies of the service returns were attached, but no documents were attached. See Doc. 1-4.

Torin Jacks and Burlington joined in filing a Notice of Removal (Doc. 1) on November 3, 2008. They alleged in paragraph six that AWI "has not been served with process." But there is evidence, noted above, that AWI had received long-arm service on October 8, 2008.

Thirty days after the notice of removal was filed, on December 3, 2008, Plaintiffs filed their Motion to Remand (Doc. 6) on the grounds that AWI had been served prior to removal but did not join in the notice of removal or otherwise timely demonstrate consent to the removal. AWI filed an answer (Doc. 8) several days later, on December 11, 2008. The answer said nothing about the removal, and it did not assert a defense based on service of process. Later, AWI filed a separate Notice of Consent of Removal (Doc. 11) to indicate its consent to the prior removal. This document was filed on December 17, 2008, well outside the removal period under any reasonable construction of the facts.

**Analysis**

**A. AWI's Late Consent**

The untimely statement of consent by AWI, filed long after the 30-day removal period expired, does not cure any procedural defect stemming from the failure to have AWI join and/or consent to the removal. Killen v. Atlantic Paper & Foil, LLC, 2007 WL 4299990 (W.D. La. 2007).

**B. Validity of Service on AWI**

Defendants argue that proper long-arm service was not made on AWI, so that AWI was never served and was not required to join in the removal. Their first points of attack on service are the lack of a certified mail receipt signed by AWI and the lack of a complete address on the tracking confirmation document.

Under La. R.S. 13:3204, "all that is necessary to constitute service upon a non-resident under the long-arm statue is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person." HTS, Inc. v. Seahawk Oil & Gas, Inc., 889 So.2d 442, 444 (La. App. 3d Cir. 2004). "There is no requirement under § 3204 for a signed return receipt." Id. at 444-45. This prevents a defendant from attempting to defeat valid service by refusing to accept or sign for the letter. Id. See also Spomer v. Aggressor International, Inc., 807 So.2d 267, 278 (La. App. 1st Cir. 2001).

The record contains an affidavit from Plaintiffs' counsel, supported by copies of documentation, that the proper certified copies of the citation and state court petition were mailed by certified mail to AWI. There is no signed return receipt, but there is confirmation of delivery of the item in question. The confirmation is not required by statute, but it lends support to a finding that service was made. Under these circumstances, the court is convinced that AWI was served no later than October 8, 2008.

Plaintiffs next argue that service on AWI was not completed because Plaintiffs did not file an affidavit of service pursuant to La.R.S. 13:3205. That statute provides that a default judgment cannot be rendered until 30 days after the filing in the record of the affidavit of the individual who mailed, sent by commercial courier, or actually delivered the long-arm process to the defendant. The affidavit must contain certain information regarding the method of service.[2] This statute may preclude entry of default absent compliance, but the Louisiana law cited above suggests that service is completed before the filing of such an affidavit, just as service by the sheriff is completed when the papers are tendered to the

---

[2] La. R.S. 13:3205 provides:

No default judgment can be rendered against the defendant and no hearing may be held on a contradictory motion, rule to show cause, or other summary proceeding, except for actions pursuant to R.S. 46:2131 et seq., until thirty days after the filing in the record of the affidavit of the individual who either:

(1) Mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the defendant; or

(2) Utilized the services of a commercial courier to make delivery of the process to the defendant, showing the name of the commercial courier, the date, and address at which the process was delivered to the defendant, to which shall be attached the commercial courier's confirmation of delivery; or

(3) Actually delivered the process to the defendant, showing the date, place, and manner of delivery.

defendant and not when the sheriff later files a return of service.³ The court finds that AWI was served, and the lack of an affidavit of service does not preclude that finding.

**C. Exceptions to the Rule of Unanimity**

Some courts have excused the lack of joinder by a served defendant under certain circumstances. One such case is Milstead Supply Co. v. Casualty Insurance Co., 797 F.Supp. 569 (W.D. Tex. 1992). Counsel for the removing defendant testified that his client was, at the time of removal, unaware that another defendant had been served. The removing party represented that it inquired of the state court to determine whether the other defendant had been served and, at the time of the inquiry, no return of service had been filed with the state court. The service return was filed later, but just three hours before the Notice of Removal was filed in federal court.

The Fifth Circuit has recognized that exceptional circumstances might justify delayed consent to removal or other equitable exceptions to the procedural requirements of the removal statutes. e.g., Tedford v. Warner-Lambert Co., 327 F.3d 423, 427 (5th Cir. 2003); Doe v. Kerwood, 969 F.2d 165, 169 (5th Cir. 1992); Brown v. Demco, 792 F.2d at 482. See also White v. White, 32 F.Supp. 2d 890 (W.D. La. 1998). The Milstead court found that exceptional circumstances were present, and it announced its interpretation of the unanimity

---

³ "Personal service is made when a proper officer tenders the citation or other process to the person to be served." La. C.C.P. art. 1232. "The sheriff shall endorse on a copy of the citation or other process the date, place, and method of service ... and return the copy promptly after the service to the clerk of court who issued it." La. C.C.P. art. 1292.

requirement: Joinder in or consent to the removal must be made by only those defendants (1) who have been served and (2) whom the removing defendant(s) actually knew or should have known had been served. Under the "unique and exceptional facts and circumstances" of the case, the removing defendant was not required to have obtained the consent of the other served defendant.

Some courts have followed Milstead. See e.g., Rodriguez v. County of Stanislaus, 2008 WL 4765110 (E.D. Cal. 2008) and Laurie v. National Railroad Passenger Corp., 2001 WL 34377958 (E.D. Pa. 2001). Counsel for the removing parties in those cases checked with the state clerk regarding service on other parties and, at that time, were told there was no proof of service on file. The courts denied motions to remand despite the failure of served defendants to join in the removal; the removing parties were held to have acted with reasonable diligence by checking the state court record, so they did not know nor should they have known that another defendant had been served.

A district judge in another division of this court recently held, without citing Milstead, that: "Counsel for the removing defendant should be able to rely on the state court record when determining whether to seek other defendants' consent to removal." Cooper v. Sentry Select Ins. Co., 2008 WL 4610235 (W.D. La. 2008) (James, J.). The court expressed concern that a clever plaintiff could delay filing proof of service in an effort to thwart removal.

A more demanding view is found in Forman v. Equifax Credit Info. Services, Inc., 1997 WL 162008 (E.D. La. 1997) (Clement, J.). Three of the four Forman defendants filed

or consented to a timely notice of removal. The fourth defendant, National Revenue, had been served but did not participate in the removal. The plaintiff filed a motion to remand because all served defendants did not timely consent to removal.

Evidence was presented to the federal court regarding the removing parties' efforts to gather information about any service on National Revenue. It showed that the removing defendants contacted the state court clerk six days before the notice of removal was filed. The clerk informed them that no return of service for National Revenue had been filed in the record. On the day the notice of removal was filed, a secretary for one of the defense counsel telephoned CT Corporation (National Revenue's agent for service) for information on the identity of National Revenue's counsel. CT did not respond. Counsel for a removing defendant faxed a letter to CT the day after the removal was filed and again asked for the name of National Revenue's local counsel. Despite those efforts, National Revenue did not appear and join the notice of removal until well after the 30-day deadline had passed.

Judge Clement reviewed the Fifth Circuit's exceptional circumstances jurisprudence and noted its implication that there must be bad faith or forum manipulation to warrant application of the exception. She also discussed Milstead and read it as fashioning an equitable exception to the general rule despite the non-existence of truly exceptional circumstances. She concluded that Milstead's "broadening of the exception to the general rule" was "impermissible." Id. at *2.

Judge Clement then examined whether the removing defendants' failure to obtain the consent of National Revenue, which was served almost three weeks before removal, was reasonable, and whether exceptional circumstances justified the failure to obtain National Revenue's consent. There was no evidence that the plaintiff acted in bad faith or engaged in any forum manipulation tactics, and the removing defendants had made no attempt to contact National Revenue directly to obtain its consent for removal or the name of its local counsel. Nor did the defendants contact the Secretary of State for information on National Revenue's officers or directors. The defendants did contact the state clerk of court about a week before the removal to ask about any service return, but they never contacted the sheriff's office (who made the service) to ask who had been served. The federal court's staff called the sheriff and quickly learned the date National Revenue had been served.

Judge Clement wrote that the defendants "place too much reliance on their search for and the absence of a return of service in the state court record." Id. A return of service would not have listed counsel for National Revenue, so even if a return had been filed in the state court record before removal, the defendants still would have needed to contact National Revenue directly to obtain its consent to removal or the name of its local counsel. The court found that the removing defendants' conduct was not reasonable given the unexceptional circumstances of the case. The motion to remand was granted. Id.

In this case, Torin Jacks and Burlington have not presented any evidence regarding their efforts to learn whether AWI had been served. Defense counsel should have anticipated

that an out-of-state defendant such as AWI might be served by long-arm process, which is an everyday occurrence. Defense counsel could have checked with the state clerk of court to determine whether it had issued a long-arm citation for AWI to counsel for Plaintiffs. And even if Plaintiff's counsel had filed the affidavit of service in the state court record prior to removal, that document would have simply made clear that service had been made on AWI. It would still be incumbent upon the removing defendants to contact AWI and obtain its consent to the removal.

With or without such information, counsel could have easily contacted AWI directly to learn if it had been served, if it consented to removal, or the name of its counsel. The name and address of AWI's agent for service (R.G. "Skip" Sorenson, Jr.) was listed on the state court petition so that information was readily available to the removing defendants. The court, using the internet, was able to find within a few seconds toll free phone and fax numbers (both general and customer service) and an e-mail address for AWI d/b/a Allied International in Sylmar, California. Yet, there is no evidence that the removing defendants made any attempt to communicate with AWI prior to removal.

There are frequent situations when one or more defendants have been served, either by long-arm service, the sheriff, waiver, or other means, yet evidence of that service is not immediately present in the record. The jurisprudence regarding who must join in a notice of removal speaks of served defendants, with no suggestion that this is limited to only those defendants for whom there is also proof of that service in the state court record. The Fifth

Circuit jurisprudence does permit exceptions for exceptional circumstances, and the absence of proof of service from the record can certainly be a factor in determining whether such circumstances exist. But the absence of record evidence of service, standing alone, does not automatically equal exceptional circumstances.

The facts presented to the court in this case suggest that the removing defendants relied solely on the absence of proof of service in the state court record and took no other steps to determine whether AWI had been served. These circumstances are not exceptional and do not warrant equitable relief from the statutory requirement of unanimity. There is no legally valid excuse for AWI's failure to timely join the notice of removal. Accordingly, the Motion to Remand (Doc. 6) will be granted and, pursuant to the stay set forth in the accompanying order, this case will be remanded to the First Judicial District Court, Caddo Parish, Louisiana.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of February, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE